315 So.2d 111 (1975)
The TRAVELERS INDEMNITY COMPANY, a Foreign Corporation, Appellant,
v.
Matthew F. THOMAS, Appellee.
No. U-327.
District Court of Appeal of Florida, First District.
April 9, 1975.
Rehearing Granted June 3, 1975.
Rehearing Denied July 7, 1975.
George Stelljes, Jr., of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellant.
David R. Lewis and Fred C. Isaac, of Blalock, Holbrook, Lewis, Paul & Isaac, Jacksonville, for appellee.
BOYER, Acting Chief Judge.
Appellant issued a policy of insurance insuring Charles A. Thomas, d/b/a Edgewood Hardware. That policy was subsequently endorsed to cover Curry-Thomas Hardware, Inc. Appellee, Matthew F. Thomas, at all times material hereto was a stockholder, director and executive officer of Curry-Thomas Hardware, Inc.
The policy provided insurance for fire and other related physical damage perils (Section I) and general liability (Section II).
*112 The material portions of the policy relating to Section II are as follows:

"PROVISIONS APPLICABLE TO SECTION II
(Broad Liability Form)
INSURING AGREEMENTS
1. Coverage D-Liability-The Travelers agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this Section applies, caused by an occurrence, or personal injury caused by an offense committed during the period insurance under this Section is in effect within the United States of America, its territories or possessions or Canada; and The Travelers shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it seems expedient, but The Travelers shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of The Travelers' liability has been exhausted by payment of judgments or settlements.
* * *
4. Definition of Insured-With respect to Coverage D, each of the following is an Insured, to the extent set forth below:
* * *
(c) if the Named Insured designated in this declaration is other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;
* * *
CONDITIONS
* * *
2. Definitions
Under Section II:
* * *
(b) Bodily Injury; Personal Injury 
(1) Bodily Injury  The term `bodily injury' means bodily injury, sickness or disease sustained by any person;
(2) Personal Injury  The term `personal injury' means injury sustained by any person or organization and arising out of one or more of the following offenses:
A  false arrest, detention or imprisonment, or malicious prosecution;
* * *
(d) Occurrence  The word `occurrence' means an accident, including injurious exposure to conditions, which results, during the period of this policy is in effect, in bodily injury or property damage neither expected nor intended from the standpoint of the Insured."
On July 29, 1971 one Foucart filed suit in the Circuit Court of Duval County alleging that appellee, while acting in the scope of his employment, assaulted, battered, slandered, falsely imprisoned and maliciously prosecuted him. The complaint was ultimately amended to name Curry-Thomas Hardware, Inc. and appellee as parties defendant. Appellant denied coverage and refused to defend, resulting in the defendants retaining counsel to represent them.
Appellee claimed that his actions in the Foucart incident were within the scope of *113 his employment. However, the jury apparently determined to the contrary, finding Curry-Thomas Hardware, Inc. not guilty while awarding a verdict against appellee here.
Appellee thereupon commenced the suit giving rise to this appeal, alleging that the insurer (appellant here) wrongfully refused to defend. Appellant moved for summary judgment and appellee moved for partial summary judgment, the latter being granted by the trial judge, leaving open only the question of damages. The jury returned a verdict for appellee upon which the final judgment here appealed was entered.
The appellee cross appeals, claiming that the trial judge erred when he refused to permit appellee to adduce before the jury evidence as to reasonable compensation for his representation in the defense of the Foucart suit.
We have carefully read appellant's brief and reply brief in conjunction with the policy of insurance which was made a part of the record on appeal. Appellant urges that it owed no defense to appellee because appellee was not covered by the policy, claiming that the coverage issue was resolved favorably to appellant by the verdict of the jury in the Foucart case which absolved Curry-Thomas Hardware, Inc. of liability obviously finding that the acts of appellee giving rise to that action were not done within the scope of his employment. We simply do not so read the policy.
It is not necessary for us here to determine whether appellee was technically in the employment of Curry-Thomas Hardware, Inc. Both parties recite in their briefs that he was a stockholder, director and executive officer: As such he was, by the very terms of the policy, an insured. Coverage D (above quoted) provides that the insurer shall pay on behalf of the insured "all sums which the Insured shall become legally obligated to pay as damages because of * * * personal injury caused by an offense committed during the period insurance * * * is in effect * * *". Personal injury is defined by the policy to mean injuries sustained and arising out of false arrest, detention, imprisonment or malicious prosecution. An examination of the complaint filed by Foucart reveals a count for malicious prosecution, slander, battery, assault and false imprisonment.
Appellant places great emphasis upon the policy definition of the word "occurrence", claiming that by virtue of that definition coupled with the verbiage of the policy in describing the coverage afforded under Coverage D the insurer could not be held liable for damages recovered by Foucart against Matthew Thomas, appellee here. That contention misses the point. Appellee here is not claiming damages from appellant for the sums required to be paid to satisfy the judgment entered on the jury verdict in the Foucart case. The basis of this suit is the expenses incurred by appellee, including attorney's fees, incident to defense of that suit.
The general rule is that a liability insurance carrier must defend its insured if the initial pleadings fairly bring the case within the scope of coverage even though ultimately it is determined that there is no liability. (Tennessee Corporation v. Lamb Brothers Const. Co., Fla.App. 2nd 1972, 265 So.2d 533) The insurers' duty to defend its insured is governed solely by the allegations of the complaint against the insured and not by ultimate determination of liability. (See Bennett v. Fidelity & Casualty Company of New York, Fla.App. 1st 1961, 132 So.2d 788; St. Paul Fire & Marine Insurance Co. v. Thomas, Fla.App. 4th 1973, 273 So.2d 117 and Garden Sanctuary, Inc. v. Insurance Co. of No. Amer., Fla.App. 2nd 1974, 292 So.2d 75) Where the complaint against the insured contains allegations which are partially within and partially without the scope of the insured's coverage then the *114 carrier must defend even those portions of the complaint which are outside the coverage. (Garden Sanctuary, Inc. v. Insurance Co. of No. Amer., supra).
Our reading of the subject policy reveals that the appellee was clearly entitled to a defense by appellant in the Foucart proceeding. We find no ambiguities in that regard. However, since appellant has attempted so valiantly and vigorously to demonstrate a contrary construction we feel constrained to recite the law which has become so well engrained in Florida jurisprudence as to become axiomatic that ambiguous provisions in a policy are to be strictly construed against the insurer and in favor of providing coverage (Michigan Mutual Liability Company v. Mattox, Fla. App. 1st 1965, 173 So.2d 754; George v. Stone, Fla.App., 4th 1972, 260 So.2d 259).
We next consider the cross appeal by appellee.
In a suit by an insured against an insurer based upon failure of the insurer to defend, the insured is entitled (if successful in the action) as one of the insured's items of damages, to the reasonable value of the services rendered by the attorney representing the insured in the action which the insurer refused to defend. Were the amount actually paid to the defending attorney to be the measure then the generosity of such attorneys representing otherwise defenseless insureds out of pity would rebound to the benefit of the insurer whose wrongful refusal gave rise to the action. On the other hand, the greed of an attorney charging an exorbitant fee would work an unreasonable penalty on the defaulting insurer. Further, were actual fees paid to be the measure then no damages for fees would be recoverable in instances where the defense was furnished by house counsel or attorneys on general retainer. (See Liberty Mut. Ins. Co. v. A.C.L.R. Co., 66 Ga. App. 826, 19 S.E.2d 377). Either of such results would be manifestly unreasonable and unfair.
In the case sub judice the learned trial judge rejected the evidence proffered by appellee. In so doing he erred.
Reversed and remanded for a new trial on damages only.
Appellee has filed a motion for attorney's fees pursuant to F.S. 627.428. That motion is granted. The trial court, being better equipped to hear evidence than are we, shall, after appropriate proceedings determine and award reasonable fees for appellee's attorney incident to this appeal.
MILLS, J., concurs.
McCORD, J., concurring in part and dissenting in part.
McCORD, Judge (concurring in part and dissenting in part).
Appellant argues that appellee could not have been acting outside the scope of his employment and also have been an insured under the definition of that term in the policy. That definition includes as an insured an executive officer (and appellee appears to have been such) "while acting within the scope of his duties as such." If this were all that is involved, I would agree with appellant's contention. From the allegations of the complaint, it is apparent that in making the assault upon Foucart appellee clearly was not acting within his duties as an executive officer. But I am unable to conclude from the complaint that appellee was not acting within the scope of his duties in connection with Foucart's counts for malicious prosecution and false imprisonment. Under the terms of the policy, appellant was an insured in relation to those counts. The coverage under the policy extended to personal injury caused by an offense committed during the period covered by the policy. Personal injury is defined as injury sustained arising out of "false arrest, detention or imprisonment, or malicious prosecution." I, therefore, concur in reversal on the appeal.
*115 As to appellee's cross appeal on the question of attorney's fee, I would affirm the trial court. A "reasonable fee" in this case should not exceed the amount appellee is obligated to pay his attorney under their contract.

ON PETITION FOR REHEARING
McCORD, Judge.
Appellant's petition for rehearing calls attention to the fact that we overlooked Section II D(3) of Item 2 on page 1 of the insurance policy which shows that the insured elected not to obtain "personal injury" coverage. Thus, there was no coverage under the policy for malicious prosecution, slander and false imprisonment. In my previous opinion concurring in part and dissenting in part from the majority opinion, my concurrence was postulated only upon that part of the majority opinion which predicated reversal upon there being such coverage.
My previous opinion also called attention to appellant's argument that appellee could not have been acting outside the scope of his employment and also have been an insured under the definition of that term in the policy; that such definition includes as an insured an executive officer (and appellee appears to have been such) "while acting within the scope of his duties as such." From the allegations of the complaint, it is clear that in making an assault upon Foucart, appellee was not acting within the scope of his duties as an executive officer.
The petition for rehearing is granted. The partial summary judgment in favor of appellee and the final judgment in favor of appellee are reversed with directions to enter final judgment in favor of appellant. Appellee's motion for attorney's fee for this appeal is denied.
MILLS, J., concurs.
BOYER, Acting C.J., dissents.
BOYER, Acting Chief Judge (dissenting).
I cannot concur with my brothers as to the petition for rehearing. I would adhere to our original opinion.