362 So.2d 28 (1978)
AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
MIAMI LEASING AND RENTALS, INC., a Florida Corporation, Appellee.
No. 77-1911.
District Court of Appeal of Florida, Third District.
July 11, 1978.
Rehearing Denied September 29, 1978.
John A. Murray, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
PER CURIAM.
Defendant insurer appeals a final judgment on the pleadings awarding plaintiff insured $1,160.90 plus costs and attorney's fees in an action seeking damages for the defendant's breach of its duty to defend plaintiff.
Plaintiff, Miami Leasing and Rentals, Inc., was insured against all personal injuries arising from, inter alia, malicious prosecution under an insurance policy issued by the defendant-appellant, American Hardware Mutual Insurance Company. Miami Leasing was sued for malicious prosecution and the complainant sought both compensatory and punitive damages. American Hardware advised Miami Leasing that it would not defend on the punitive damages claim and Miami Leasing had to retain counsel to defend it on this claim. As a result Miami Leasing incurred costs and attorney's fees in the sum of $1,160.90 and then filed the instant suit for recovery on the ground that American Hardware was obligated to defend its interests as to the punitive damages claim as well as the compensatory damages claim. American Hardware answered alleging that the subject policy did not protect Miami Leasing against a claim for punitive damages as asserted in the malicious prosecution lawsuit. Both parties filed motions for judgment on the pleadings and after hearing argument of counsel and reviewing written memoranda of law in support of the respective motions, the trial court entered final judgment for Miami Leasing. American Hardware appeals. We affirm.
We agree with Miami Leasing that American Hardware has misconceived the issue as being one of coverage. The dispositive issue is whether American Hardware was under a duty to defend. The well established law is that where the complaint against the insured contains allegations which are partially within and partially *29 without the scope of the insured's coverage, then the insurer must defend even those portions of the complaint which are outside the coverage. See Travelers Indemnity Company v. Thomas, 315 So.2d 111 (Fla. 1st DCA 1975); Employers Commercial U. Ins. Co. of Am. v. Kottmeier, 323 So.2d 605 (Fla. 2d DCA 1975); Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1976).
Affirmed.