372 So.2d 187 (1979)
PATRIOT GENERAL INSURANCE COMPANY CONCORD, MASSACHUSETTS, Appellant,
v.
AUTOMOBILE SALES, INC., d/b/a Toyota Automobile Sales, Appellee.
No. 78-1681.
District Court of Appeal of Florida, Third District.
June 19, 1979.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and David S. Currie, Miami, for appellant.
Walton & Garrick and Edward L. Walton, Miami, for appellee.
Before PEARSON and KEHOE, JJ., and EZELL, BOYCE F., (Ret.), Associate Judge.
PER CURIAM.
Patriot General Insurance Company, defendant below in a declaratory action on a contract of insurance, takes this appeal from a final judgment ruling that it had an obligation to defend the appellee, Automobile Sales, Inc. [Toyota], in a lawsuit filed against Toyota by a third party. We reverse and hold that the insurance policy at issue prescribed no such duty to defend under these circumstances.
In 1973 Melvin Rappaport was involved in an automobile accident. The impact to his vehicle apparently caused the seat lock mechanism supporting the back of the driver's seat to collapse, throwing Rappaport into the rear seat of the car. Rappaport's automobile was transported to appellee Toyota for repairs. He allegedly instructed Toyota not to remove or repair the seat lock mechanism since he intended to use that device as evidence in a warranty action against the manufacturer. Despite these instructions, the seat lock mechanism was replaced and the allegedly defective mechanism was apparently lost or destroyed while the automobile was in Toyota's custody.
Rappaport sued Toyota alleging that the loss of the seat lock mechanism had deprived him of any viable cause of action based upon breach of warranty, product liability or negligence. He alleged in his *188 complaint that Toyota's conduct was intentional, malicious and had essentially limited his claim on the defective seat lock to one for personal injuries and incidental damages.
Toyota demanded that appellant Patriot defend it in the Rappaport case. Patriot declined, claiming that it had no obligation to defend Toyota under the provisions of a Garage Liability policy issued to Toyota by Patriot. Toyota defended the Rappaport lawsuit and prevailed on a motion for summary judgment. Summary final judgment was later affirmed on appeal. Rappaport v. Southeast Toyota Distributors, 363 So.2d 881 (Fla. 3d DCA 1978).
Toyota then brought the instant declaratory action against Patriot seeking a declaration of its rights under the applicable insurance policy to determine whether Patriot was obligated to defend the Rappaport lawsuit on behalf of Toyota. Both parties moved for summary judgment on the pleadings. The trial court granted summary judgment in favor of Toyota and against Patriot and entered a final judgment in which it concluded that the allegations of Toyota's complaint did fairly bring that cause within the coverage provided by the Patriot policy and that Patriot was under a legal duty to defend on behalf of Toyota.
We reverse on the ground that the allegations contained in the Rappaport complaint were not sufficient to bring that cause within the coverage provided Toyota by the Patriot policy. We hold that Patriot was under no duty to defend Toyota in that action.
The duty of an insurance carrier to defend a claim depends solely upon the allegations in the complaint filed against the insured. In order to trigger that duty to defend, the complaint must allege facts which fairly bring the cause within the coverage provided for in the policy. National Union Fire Insurance Co. v. Lenox Liquors, 358 So.2d 533 (Fla. 1977); Tropical Park v. United States Fidelity & Guaranty Co., 357 So.2d 253 (Fla. 3d DCA 1978).
That portion of the policy upon which Toyota relies is designated "Garage Liability". It defines the scope of insurance coverage and the duty to defend as follows:
.....
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of garage operations, including only the automobile hazard for which insurance is afforded ... and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless . ."
.....
We agree with the appellant that the Rappaport complaint failed to allege a loss within the garage liability coverage. Rappaport's complaint alleged that Toyota's agents or employees destroyed or lost the seat lock mechanism that he intended to use as evidence in an unrelated warranty claim. This is not a claim based upon property damage as contemplated within the policy and cannot fairly be said to have given rise to a duty to defend.
Appellee cites authorities for the general proposition that an insurer must defend any action where the complaint contains allegations which are partially within and partially without the scope of coverage.[1] These authorities are inapplicable in this case where the losses complained of by Rappaport were wholly outside the coverage afforded by the Patriot policy.
We therefore reverse the final judgment entered below and remand with directions *189 to grant the appellant's motion for summary judgment and for further proceedings consistent with this opinion.
Reversed and remanded with directions.
NOTES
[1] American Hardware Mutual Ins. Co. v. Miami Leasing & Rentals, 362 So.2d 28 (Fla. 3d DCA 1978); Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1975); Employers Commercial Union Ins. Co. v. Kottmeier, 323 So.2d 605 (Fla. 2d DCA 1975); Travelers Indemnity Co. v. Thomas, 315 So.2d 111 (Fla. 1st DCA 1975), cert. denied, 336 So.2d 108 (Fla. 1976).