HENDRY, Judge.
A declaratory action was brought in the lower court by Cotton States Mutual Insurance Company, appellant herein, seeking a determination as to whether coverage was to be afforded the appellee, Condermann, under a policy of automobile insurance between appellant and Bohnert Roofing & Supply Company, Condermann’s employer. The subject policy contained an additional interest endorsement naming Condermann as such an additional interest-insured. Under the policy there were certain exclusions, the crucial one, dealing with the use of a vehicle other than one scheduled in the policy, recited:
“None of the following is an insured: any person while employed in or otherwise engaged in duties in connection with an automobile business.”
The facts, simply stated, are that William Howard Condermann, while visiting a friend who owns and operates an automobile paint and body repair shop, was presented with an opportunity to drive a certain Maserati sports car which was at the shop for minor repairs. While Conder-mann was driving the sports ear and the owner/operator was a passenger, they were involved in an accident with another vehicle. Thereafter one Elena S. Abdelnour Jacob filed a personal injury action against Condermann, the owner of the Maserati, the appellant-insurance company and others, seeking damages allegedly resulting from the vehicular accident between Con-dermann and Jacob. The appellant filed its declaratory action during the pendency of the personal injury action brought by Jacob. The trial court, as trier of law and fact, held that the above-quoted exclusion clause did not apply and that Condermenn was covered under the provisions of the policy of insurance. The insurer thereafter filed the instant appeal, contending that the trial court erred in its determination of the cov *130 erage question because Condermann was engaged “in duties in connection with an automobile business.” We cannot agree with the position advanced by the appellant; we affirm the trial court’s order of final judgment.
Appellee urges affirmance on the authority of the holdings in American Hardware Mutual Insurance Co. v. Miami Leasing and Rentals, Inc., 362 So.2d 28 (Fla.3d DCA 1978); Tropical Park, Inc. v. United States Fidelity & Guarantee Company, 357 So.2d 253 (Fla.3d DCA 1978); Schaffer v. Government Employees Insurance Company, 280 So.2d 504 (Fla.2d DCA 1973). We concur and affirm the conclusion of law reached by the trial court that the exclusion does not apply, since Condermann received no consideration, was under no duty or obligation to perform any driving services, was driving the automobile for his own personal pleasure only, and was clearly not employed in or otherwise engaged in duties in connection with an automobile business within the meaning of the policy of insurance.
Affirmed.
CHARLES CARROLL (Ret.), Associate Judge, dissents.