**PHILADELPHIA ELECTRIC CO.**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY and The Davey Tree Expert Company.**

**Civ. A. No. 89–2408.**

United States District Court, E.D. Pennsylvania.

Oct. 6, 1989.

Ira S. Lefton, Reed, Smith, Shaw & McClay, Philadelphia, Pa., for plaintiff.

Jennifer Gallagher, Cozen and O'Connor, Philadelphia, Pa., for defendants.

## MEMORANDUM

KATZ, District Judge.

This is an action for declaratory judgment brought by the Philadelphia Electric Company ("PECO") against the Nationwide Mutual Insurance Company ("Nationwide") and The Davey Tree Expert Company ("Davey Tree"). PECO seeks a declaration that Nationwide and Davey Tree are contractually required to defend and indemnify PECO in a personal injury suit. For the reasons set forth below, the court now

grants summary judgment in favor of PECO with regard to defendant Nationwide's duty to defend and indemnify PECO in the underlying litigation.

## BACKGROUND

In order to resolve the issues presented in this case, a brief discussion of the underlying litigation, *Moran v. Southeastern Pennsylvania Transportation Authority* (C.A. No. 88–9663), is necessary. The complaint in that case (the *"Moran* Complaint")[1] alleges that the plaintiff, Edward R. Moran, was employed as a tree-trimmer by Davey Tree and that on July 8, 1987, while performing his duties as a tree-trimmer, he suffered personal injury when electricity arced off of one or more of the power lines around which he was trimming trees. The *Moran* complaint further alleges that the accident was caused "solely and exclusively" by the negligence of one or more of the named defendants. In addition to PECO, the other named defendants include: The Southeastern Pennsylvania Transportation Authority, the Consolidated Rail Corporation and Amtrak. PECO has since brought a third-party complaint against Davey Tree alleging, amongst other things, that Davey Tree's negligence caused Moran's injuries.

1. The *Moran* Complaint is attached to defendants' brief as Exhibit A.

2. The "General Terms And Conditions" section of the Purchase Order Agreement is attached to defendants' brief as Exhibit C.

3. Both the Certificate of Insurance and the policy itself are attached to defendants' brief as Exhibit D.

4. ¶ 2.15 of the Purchase Order Agreement reads as follows:
   INDEMNITY: CONTRACTOR AGREES TO INDEMNIFY, HOLD HARMLESS AND DEFEND COMPANY, AND ITS OFFICERS, EMPLOYEES, AGENTS AND REPRESENTATIVES FROM AND AGAINST: [¶ 2.15.1 omitted] ANY CLAIM, DEMAND, CAUSE OF ACTION, LOSS, EXPENSE, OR LIABILITY ON ACCOUNT OF INJURY TO OR DEATH OF PERSONS (INCLUDING THE EMPLOYEES OF THE COMPANY, CONTRACTOR AND CONTRACTOR'S SUBCONTRACTORS AND SUPPLIERS) OR DAMAGE TO OR LOSS OF PROPERTY (INCLUDING THE PROPERTY OF THE COMPANY) ARISING DIRECTLY OR

At the time of Moran's injury, Davey Tree was performing work for PECO pursuant to a purchase order effective from February 1, 1986 through January 31, 1989 (the "Purchase Order Agreement"). None of parties contests the existence of the Purchase Order Agreement.[2] In addition, each party admits that the work Moran was performing for Davey Tree was in apparent compliance the terms of the Purchase Order Agreement. *See* Plaintiff's Motion at ¶¶ 4–6; Defendants' Response at ¶¶ 1–6. In short, it is not in dispute that PECO hired Davey Tree to trim trees away from power lines and that Moran, while in Davey Tree's employ, was injured while trimming trees.

By its terms, the Purchase Order Agreement required Davey Tree to maintain certain insurance coverage with respect to liabilities arising out of Davey Tree's performance and to name PECO as an additional insured. *See* Purchase Order Agreement ¶ 2.14. In accordance with ¶ 2.14, Davey Tree obtained a certificate of insurance from Nationwide naming PECO as an additional insured on the comprehensive general liability insurance policy issued by Nationwide to Davey Tree (the "Nationwide Policy").[3] The Purchase Order Agreement also contained an indemnity provision,[4] whereby Davey Tree agreed to

INDIRECTLY OUT OF THE ACTS OR OMISSIONS TO ACT OF THE CONTRACTOR OR HIS SUBCONTRACTORS, SUPPLIERS, OR AGENTS, OR EMPLOYEES OF ANY THEREOF, IN THE PERFORMANCE OF THE WORK, INCLUDING WITHOUT LIMITATION SUCH CLAIMS LOSS, OR LIABILITY ARISING UNDER NON-DELEGABLE DUTIES OF THE COMPANY OR ARISING FROM THE USE OR OPERATION BY THE CONTRACTOR OF CONSTRUCTION EQUIPMENT, TOOLS, SCAFFOLDING, OR FACILITIES FURNISHED TO THE CONTRACTOR BY THE COMPANY TO PERFORM THE WORK, IRRESPECTIVE OF WHETHER THE PARTY TO BE INDEMNIFIED WAS CONCURRENTLY NEGLIGENT, WHETHER ACTIVELY OR PASSIVELY, AND INCLUDING ANY EXPENSES AND ATTORNEY'S FEES INCURRED BY THE COMPANY FOR LEGAL ACTION TO ENFORCE CONTRACTOR'S INDEMNIFICATION OBLIGATIONS UNDER THIS ARTICLE, BUT EXCEPTING WHERE THE INJURY OR DEATH OF PERSONS OR DAMAGE TO OR LOSS OF PROPERTY WAS CAUSE BY THE SOLE NEGLIGENCE OR

indemnify and defend PECO from and against liability arising out of the acts of Davey Tree except where PECO is solely negligent.

The core of this dispute, then, is whether the Nationwide Policy, the Purchase Order Agreement or both entitle PECO to the costs of its legal defense in the *Moran* litigation along with indemnification with respect to any amount for which it may be found liable.

## DISCUSSION

### A. *The Nationwide Policy*

■ Nationwide argues that its duty to defend and indemnify PECO is not triggered because the facts alleged in the *Moran* Complaint do not fall within the scope of coverage provided to PECO under the Nationwide Policy. As defendants correctly point out, PECO's coverage under the Nationwide Policy is limited by Endorsement 6, which provides that an additional insured can be added, but only with respect to the interest stated on the certificate of insurance. Here, the Certificate of Insurance states that: "The Philadelphia Electric Company, its officers, agents and employees are added as Additional Insureds for any work performed by The Davey Tree Expert Company on their behalf."

Under Pennsylvania law, the duty of an insurer to defend its insured is well settled. In *American Contract Bridge League v. Nationwide Mutual Fire Insurance Co.*, 752 F.2d 71 (3d Cir.1985), the Third Circuit stated the rule as follows:

> In consideration for premiums paid, the insurer contractually obligates itself to defend its insured. This obligation arises whenever allegations against the insured state a claim to which the policy *potentially* applies even if the allegations are "groundless, false or fraudulent."

*Id.* at 75 (quoting *Gedeon v. State Farm Mutual Automobile Ins. Co.*, 410 Pa. 55, 58, 188 A.2d 320 (1963) (emphasis in original)). At this point, it is unclear who is ultimately responsible for Moran's injuries.

In order to determine Nationwide's duty to defend, however, this Court need look only to the allegations in the underlying action. It is uncontroverted that Moran, a Davey Tree employee, was injured while trimming trees for Davey Tree on behalf of PECO. On this record, then, it is apparent that the allegations in the *Moran* litigation at least potentially fall within the coverage of the Nationwide Policy. Thus, Nationwide must defend PECO in the *Moran* litigation.

As the issues in the *Moran* litigation are currently framed, PECO stands to be held liable only if it is found negligent due to some act or omission on its part. Defendants therefore argue that no duty to indemnify can arise because to the extent PECO is found negligent, the injuries to Moran were not caused by work performed by Davey Tree. Defendants' interpretation of the language of the Certificate of Insurance is that it covers instances in which PECO may be found vicariously liable for Davey Tree's negligence and not PECO's own negligence. To support this argument, defendants rely on *Harbor Insurance Company v. Lewis*, 562 F.Supp. 800 (E.D.Pa.1983). In that case, however, the additional insured provision expressly limited coverage to liability arising out of the negligence of the holder of the policy. The *Harbor* court interpreted specific contract language. It did not, as defendants suggest, articulate a rule of law limiting the interest of an additional insured on a comprehensive general liability policy to those cases in which it is vicariously liable for the acts of the primary policyholder.

The contract language in this case contemplates a wider scope of coverage than the language in *Harbor*. If the parties had intended coverage to be limited to the vicarious liability type suggested by the defendants, language clearly embodying that intention was available—that is the lesson of *Harbor*. Here, the language of the Certificate of Insurance should be read to include all liability arising in connection with Davey Tree's work, including PECO's own negligence. This interpretation does not negate the operation of Endorsement 6 to

WILLFUL MISCONDUCT OF THE PARTY TO BE INDEMNIFIED; [¶ 2 ¬.3 omitted].

the Nationwide Policy. That provision prevents PECO from enjoying blanket coverage under the policy for liability unrelated to the work of Davey Tree. In sum, to the extent PECO is held liable in the *Moran* litigation, Nationwide must indemnify PECO.

B. *The Purchase Order Agreement*

 Under the terms of the Purchase Order Agreement, Davey Tree must defend and indemnify PECO if the injury to Moran arose directly or indirectly from an act or omission of Davey Tree, except if PECO is found solely negligent. *See* Purchase Order Agreement, ¶ 2.15. Defendants strenuously argue that this provision is inapplicable in this case. The basis for this argument is that ¶ 2.15, as an indemnity clause, is too loosely worded to remove Davey Tree's protection under § 303(b) of the Pennsylvania Worker's Compensation Act, 77 Pa.Stat. § 481(b) (Purdon 1989 Supp.), which provides that an effective indemnity must be expressly mentioned in a written contract.

Although ¶ 2.15 of the Purchase Order Agreement is not a model of clarity, one need only closely read that provision to see that defendants' argument must fail. Lurking in the dense thicket of ¶ 2.15 is the following: "... IRRESPECTIVE OF WHETHER THE PARTY TO BE INDEMNIFIED WAS CONCURRENTLY NEGLIGENT, WHETHER ACTIVELY OR PASSIVELY,...." This language is express enough to pass muster under the strict standards of Pennsylvania law. *See, e.g., Hall v. Goodman Co.,* 310 Pa.Super. 465, 478, 456 A.2d 1029, 1036 (1983); *Gallagher v. Transport Pool, Inc.,* 281 Pa.Super. 188, 421 A.2d 1212 (1980).

There remains the issue of whether the "sole negligence" exception of ¶ 2.15 applies. While the ultimate applicability of this exception must await a finding of who is negligent, this court may determine the respective rights of the parties under ¶ 2.15 at this time. *ACandS, Inc. v. Aetna Casualty and Surety Co.,* 666 F.2d 819 (3d Cir.1981). Thus, if PECO is found to be solely negligent in the underlying litiga-

tion, Davey Tree must neither indemnify nor bear the costs of PECO's legal defense. But if PECO is found to be concurrently negligent with any other person or entity, Davey Tree will be liable to indemnify PECO.

Judgment will be entered in favor of the plaintiff.

### JUDGMENT

AND NOW, this 6th day of October, 1989, a declaratory judgment in accordance with the accompanying memorandum is entered in favor of plaintiff Philadelphia Electric Company and against defendants Nationwide Mutual Insurance Company and The Davey Tree Expert Company.