913 So.2d 25 (2005)
KOALA MIAMI REALTY HOLDING CO., INC., Appellant,
v.
VALIANT INSURANCE CO., Appellee.
No. 3D04-2910.
District Court of Appeal of Florida, Third District.
September 14, 2005.
Rehearing Denied October 5, 2005.
Gaebe, Mullen, Antonelli, Esco & DiMatteo and Michael A. Mullen, Coral Gables, and Maximiliano Zayas and Anne C. Sullivan, for appellant.
Lane, Reese, Aulick, Summers & Ennis and William S. Reese, Miami, and John J. Cavo, for appellee.
Before COPE, C.J., and GERSTEN and SUAREZ, JJ.
SUAREZ, Judge.
Plaintiff, Koala Miami Realty Holding Co., Inc. ("Koala") appeals from the granting of a final summary judgment in favor of the defendant, Valiant Insurance Co. ("Valiant"), and from the denial of Koala's motion for final summary judgment against Valiant. The trial court granted Valiant's summary judgment motion finding that Koala is not an additional insured under the Valiant policy in question and, as such, held that Valiant does not have a duty to indemnify or defend Koala. We reverse and remand.
This action arises out of an alleged slip and fall wherein David Alvarado claims to have fallen in the men's room of a building owned by Koala. At the time of the slip and fall, a contract existed between Valiant's insured, Aetna Maintenance Co., Inc. ("Aetna") and Koala requiring Aetna to perform certain janitorial functions at the *26 building owned by Koala. The contract also required Aetna to have Koala listed as an additional insured on Aetna's general liability insurance policy with Valiant.
David and Maria Alvarado filed an amended complaint for damages for personal injuries allegedly suffered in the slip and fall against J.P. Morgan & Co., Inc., Aetna, and Koala, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The amended complaint alleges, among other things, that Aetna was responsible for janitorial services for the building and that all the defendants had a duty to inspect and to maintain the restrooms in a condition reasonably safe for their intended use. The amended complaint alleges that Mr. Alvarado's fall was the result of the defendants' negligence for failing to use reasonable care in installing slippery and inadequate floor tile, failing to repair a long-time leaking and overflowing toilet, and failing to provide adequate lighting.
Koala then brought a declaratory action against Valiant requesting the court determine whether Koala was an additional insured under the Valiant insurance policy issued to Aetna and, if so, whether Valiant had a duty to indemnify and defend Koala in the Alvarado action. Koala and Valiant filed cross-motions for summary judgment. The trial court granted Valiant's motion for summary judgment finding that Koala was not an additional insured under the Valiant policy with Aetna and that, therefore, Valiant had no duty to indemnify or defend Koala with respect to the claims asserted against Koala in the Alvarado action. A timely appeal of that order followed.
If it is determined that the Valiant policy does provide coverage to Koala as an additional insured, then the allegations of the Alvarado amended complaint will determine whether Valiant has a duty to defend Koala. Patriot Gen. Ins. Co. v. Auto. Sales, Inc., 372 So.2d 187 (Fla. 3d DCA 1979). The duty to indemnify is determined by the underlying facts of the case and not by the allegations. See Hagen v. Aetna Cas. & Sur. Co., 675 So.2d 963, 965 (Fla. 5th DCA 1996). For this reason, just because a duty to defend may exist does not mean, at the end of the litigation, there will be a duty to indemnify. Before determining whether the Valiant policy provides coverage for these allegations, it must first be determined whether Koala is an additional insured under the Valiant policy.
The pertinent portion of the Valiant policy states as follows:
THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
ADDITIONAL INSUREDOWNERS, LESSEES OR CONTRACTORS (FORM B)
This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART SCHEDULE
 Name of person or organization;
 Koala Miami Realty
 c/o Koger Realty Services, Inc.
 8300 N.W. 53rd St., Suite 100
 Miami, Florida 33166
WHO IS AN INSURED (Section II) is AMENDED TO INCLUDE AS AN INSURED THE PERSON OR ORGANIZATION SHOWN IN THE SCHEDULE, BUT ONLY WITH RESPECT TO LIABILITY ARISING OUT OF YOUR ONGOING OPERATIONS PERFORMED FOR THAT INSURED.
(emphasis added).
Therefore, pursuant to the provisions of the Valiant policy, Koala is an additional *27 insured with respect to liability "arising out of" the named insured, Aetna's, operation performed for Koala.
The next question is whether the policy provides coverage for Koala's own negligence. The phrase "arising out of" used in the Valiant policy has been held to be ambiguous as it cannot be determined from the language of that phrase whether it is the named insured's or the additional insured's own negligence which is covered. See Container Corp. v. Md. Cas. Co., 707 So.2d 733 (Fla.1998); Fla. Power & Light Co. v. Penn Am. Ins. Co., 654 So.2d 276 (Fla. 4th DCA 1995); Container Corp. v. McKenzie Tank Lines, Inc., 680 So.2d 509 (Fla. 1st DCA 1996). In each of these cases, the policy was construed against the insurer due to the ambiguity. Each case held that due to the ambiguity, the policy provided coverage not only for the additional insured's vicarious liability, but also for the additional insured's direct negligence. Even though the policies contained the phrase "arising out of," or an analogous phrase, coverage for the direct negligence of the additional insured would not have been provided had the policies contained specific language limiting coverage to only the named insured's direct negligence. See Fla. Power & Light Co., 654 So.2d at 278 ("but only with respect to acts or omissions of the named insured"). The Valiant policy does not contain any such limiting language. Therefore, we find that the Valiant policy provides coverage to the additional insured, Koala, for Koala's own negligence.
The Alvarado amended complaint alleges that Koala, itself, was negligent and that such negligence resulted in the alleged slip and fall. The amended complaint alleges that the fall resulted from the negligence of all the defendants (Koala included) for failing to use reasonable care in the installation of slippery and inadequate floor tile and for failing to repair a long-standing leak and overflowing toilet. As such, the amended complaint contains factual allegations which fall under the policy provisions and requires Valiant to defend.
This court determines, based on the allegations of the Alvarado amended complaint and the provisions of the Valiant policy in question, that Valiant does have a duty to defend and has a duty to indemnify Koala for Koala's own negligence should the facts in the Alvarado action prove the negligence alleged.
Reversed and remanded.