GRANITE CONSTRUCTION COMPANY, INC., Appellant,

v.

BITUMINOUS INSURANCE COMPANIES, Appellee.

No. 07–91–0133–CV.

Court of Appeals of Texas, Amarillo.

June 16, 1992.

Rehearing Denied July 14, 1992.

Crenshaw Dupree & Milam (Cecil Kuhne, of counsel), Lubbock, for appellant.

Jones, Flygare, Galey, Brown & Wharton (James L. Wharton and Bradley M. Pettiet, of counsel), for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

REYNOLDS, Chief Justice.

Granite Construction Company, Inc. appeals from the summary judgment declaring, in effect, that Bituminous Insurance Companies do not owe a duty to defend, or pay any award resulting from, a separate negligence suit filed by John R. Valchar against Granite. On the rationale expressed, we will vacate the part of the judgment declaring there is no duty to pay and affirm the remainder of the judgment.

As a construction contractor, Granite contracted with Joe Brown Company to haul asphalt materials from its construction site. In this regard, the contract provided that "[a]ll material shall be FOB [Brown's] truck at the source," and that "[l]oading will be done at no cost to [Brown]."

Pursuant to their contract, Brown agreed to, and did, carry liability and property damage insurance, which had been issued to Brown by Bituminous in the form of general and excess liability policies. Granite was named as an additional insured under the general liability insurance policy by way of an endorsement, which contained the agreement that:

1. The "Persons Insured" provision is amended to include as an insured the person or organization named below [Granite Construction Co.] but only with respect to liability arising out of operations performed for such insured [Granite] by or on behalf of the named insured [Brown].

A certificate of insurance was issued, naming Granite as the certificate holder and containing two pertinent provisions, one printed and one typewritten. The printed provision is in this language:

This is to certify that policies of insurance listed below have been issued to the insured named above [Brown] and are in full force at this time. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies.

The typewritten provision, inserted under the heading "DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES," reads:

CERTIFICATE HOLDER IS ADDED AS AN ADDITIONAL NAMED INSURED FOR ALL GRANITE CONSTRUCTION COMPANY'S WORK IN THE STATE OF TEXAS

The policies of insurance remained in force at all times material to the actions underlying this appeal.

Valchar, employed by Brown, brought a negligence action against Granite, alleging that Granite negligently loaded his truck with dirt in such a manner that it overturned and injured him. Granite requested Bituminous to defend it against Valchar's action. Bituminous refused, stating that the acts of Granite were not covered by Brown's policy and, therefore, there was no duty under the policy provisions to defend Granite against Valchar's pending action.

Upon Bituminous' refusal, Granite initiated the present action, seeking a declara-

tory judgment that Bituminous had a duty to defend against Valchar's action and to pay any resulting judgment or settlement. Subsequently, Granite filed a motion for partial summary judgment on the ground that under the policy provisions Bituminous had a duty to defend as a matter of law. Bituminous responded and then moved for summary judgment, alleging that as a matter of law Bituminous had no duty to defend Granite and no corresponding duty to pay any resulting judgment or settlement. The trial court overruled Granite's motion, and granted Bituminous' motion for summary judgment.

Appealing, Granite contends the trial court's rendition of summary judgment is erroneous in three respects. This results, Granite submits, because: (1) it is an additional insured under Brown's policy, and Bituminous has a duty thereunder to defend against Valchar's suit; (2) the trial court had no jurisdiction to render judgment concerning Bituminous' obligation to pay any resulting judgment or settlement; and (3) there are fact issues regarding Bituminous' duty to defend it, Granite, and pay any judgment or settlement resulting from the underlying suit.

■ At the outset, we sustain Granite's second-point contention that the trial court was without jurisdiction to render any determination regarding Bituminous' duty to pay a judgment or settlement resulting from Valchar's as yet unlitigated action. Such a determination is dependent upon a contingent situation, which does not present a justiciable issue in a declaratory judgment action, and, therefore, is an advisory opinion, which the court is not empowered to render. *Firemen's Ins. Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331, 332–33 (Tex.1968). As a consequence, that portion of the court's judgment will be vacated. *Id.* at 333.

■ Granite's initial contention that Bituminous had a duty to defend against Valchar's suit presents a justiciable issue for determination. *Id.* at 332. Bituminous' duty to defend is determined by the allegations in Valchar's petition, considered in the light of the policy provisions and without reference to the truth or falsity of Valchar's allegations. *Argonaut Southwest Insurance Company v. Maupin,* 500 S.W.2d 633, 635 (Tex.1973). Of course, if the petition only alleges facts excluded by the policy, then the insurer is not required to defend. *Fidelity & Guar. Ins. Underwriters v. McManus,* 633 S.W.2d 787, 788 (Tex.1982).

In presenting its initial contention, Granite offers two theories under which Bituminous has the obligation to defend it against Valchar's suit. First, Granite submits that since Valchar alleged his claim against it stemmed from operations performed pursuant to the Granite–Brown contract, Bituminous is liable under the general liability insurance policy endorsement, because Valchar's claim clearly arose "out of operations performed [namely, hauling] for such insured [Granite] by or on behalf of the named insured [Brown]." Second, Granite proposes that, even assuming coverage is precluded by the endorsement, coverage is clearly provided under the certificate of insurance naming it as an insured for all of its work in the State of Texas, there being no dispute that Valchar alleged its negligence occurred in connection with its construction work in the State of Texas.

■ At the threshold of our consideration of the theories, and granting that the certificate of insurance became a part of the insurance policies by virtue of naming Granite an additional insured under them, we observe that the certificate itself did not manifest the insurance coverage afforded Granite as an insured. Rather, the certificate merely evidenced Granite's status as an insured and, by its very language, specified that the insurance coverage was that provided by, but subject to the terms, exclusions and conditions of, the named insurance policies. Thus, Granite's insurance coverage is that provided by the insurance policies themselves.

Responding to Granite's first theory of coverage under the endorsement, Bituminous replies that the endorsement restricts its liability to those acts specifically performed by Brown, but not for operations performed by Granite itself. Since it is

undisputed that Valchar sued Granite for its negligence in the way his truck was loaded, which was the responsibility and obligation of Granite, the alleged negligence of Granite is not covered by the policy. Consequently, Bituminous concludes, the trial court correctly held as a matter of law that it had no duty to defend Granite.

■ By way of rejoinder, as well as in amplification of its first theory, Granite invokes the well settled principles of insurance law that policies are to be construed as other contracts, all parts are to be taken together and given the meaning which will carry out and effectuate to the fullest extent the intention of the parties, *Republic National Life Insurance Co. v. Spillars*, 368 S.W.2d 92, 94 (Tex.1963), and if the policy language is reasonably susceptible to more than one construction, the construction that would afford coverage to the insured must be adopted. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex. 1987). Equally well settled are the principles that if the policy language is unambiguous, the various rules of construction are inapplicable, *id.* at 665; instead, effect will be given to the intention of the parties as expressed or apparent in the writing, and the contract will be enforced as made. *Republic National Life Insurance Co. v. Spillars*, 368 S.W.2d at 94.

In furtherance of its invocation of the principles of insurance law, Granite asserts that if there is an ambiguity between the endorsement and the certificate, then the broader provisions of the certificate will control to impose on Bituminous the obligation to defend it in Valchar's suit. However, as earlier noticed, the insurance afforded Granite is provided by the insurance policies, not by the certificate of insurance.

Yet, there remains the controlling question: Are the contradictory interpretations respectively placed on the endorsement by Granite and Bituminous reasonable? If so, the endorsement is ambiguous, and the construction urged by Granite must be adopted, *even though* the construction advocated by Bituminous appears to be more reasonable or a more accurate reflection of

the parties' intention. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d at 666. But if the endorsement is susceptible of only one reasonable interpretation, it is not ambiguous, and it must be given its plain meaning. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex.1984).

■ As stated in the forepart of this opinion, Valchar's claim against Granite was for its negligent loading of his truck. Under the Granite–Brown contract, the loading operation was the sole obligation of Granite, and Brown was not responsible for that operation. Measuring the policy coverage provided Granite by the allegations in Valchar's petition, it is at once obvious that Valchar's claim of Granite's liability arose out of the loading operations performed by Granite; it was not a claim "arising out of operations performed for [Granite] by or on behalf of [Brown]," the only operations for which Granite was insured.

It follows that the endorsement is susceptible of only one reasonable interpretation: Granite is not afforded coverage for its own loading operations upon which Valchar's suit is predicated. Accordingly, the trial court correctly determined as a matter of law that Bituminous had no duty to defend Granite against Valchar's suit. Granite's first point of error is overruled.

■ The disposition made of the point necessarily disposes of Granite's third-point contention that there are unresolved fact issues. Moreover, because the fact issues that Granite envisions were not expressly presented to the trial court to defeat Bituminous' motion for summary judgment, we may not consider them on appeal as grounds for the reversal of the summary judgment. *State Bd. of Ins. v. Westland Film Indust.*, 705 S.W.2d 695, 696 (Tex. 1986). The third point of error is overruled.

Conformably, the portion of the summary judgment declaring that Bituminous had no duty to pay any judgment or settlement resulting from Valchar's suit against·

Granite is vacated, and the remainder of the judgment is affirmed.