## NORTHERN INSURANCE COMPANY OF NEW YORK, Plaintiff,

v.

## AUSTIN COMMERCIAL, INC., and American Airlines, Inc., Defendants.

### No. 3:94–CV–0120–T.

United States District Court,
N.D. Texas,
Dallas Division.

June 24, 1994.

Richard Brent Cooper, Cooper & Aldous PC, Dallas, TX, for plaintiff.

Brian Lynn Blakeley, Brian L. Blakeley & Associates, San Antonio, TX, for defendants.

---

## ORDER GRANTING SUMMARY JUDGMENT

MALONEY, District Judge.

Before the Court is Plaintiff's Motion for Summary Judgment. Defendants responded to the motion. After consideration, the Court grants the motion.

The facts in this case are undisputed. Plaintiff is the liability insurer of Process Piping, Inc. Process Piping was a subcontractor on two jobs in which Process Piping employees were injured in slip-and-fall accidents.[1] Austin Commercial was the general contractor on those jobs and American Airlines owned the facility where one of the jobs was performed. The injured employees have filed lawsuits in state court against American and Austin Commercial. Those cases are styled *Charles Scantlin v. Austin Commercial, Inc., and American Airlines, Inc.*, Cause No. 93 CI–11340, filed in the 73rd Judicial District Court of Bexar County, Texas and *James McGuiness v. Austin Bridge and Road, Austin Commercial Company, Inc.*, Cause No. 93 CI–08219, filed in the 288th Judicial District Court of Bexar County, Texas.

■ Plaintiff seeks a declaration that the Process Piping policy (the policy) does not require Plaintiff to defend or indemnify Austin Commercial or American in the state court actions. Austin Commercial and American are additional insureds on the Process Piping policy. The policy covers additional insureds for "liability arising out of your [Process Piping's] work." "Your work" is defined as "work or operations performed by you [Process Piping] or on your behalf and materials, parts or equipment furnished in connection with such work or operations."

Plaintiff contends that the contract language quoted above covers additional insureds only for claims involving direct negligence on the part of Process Piping. Defendants argue that there need be no direct causal connection between the work activity

of the named insured and the liability claim facing the additional insureds.

Texas courts have considered a contractual provision like the one quoted above and have determined that it provides coverage for additional insureds only for claims involving direct negligence on the part of the named insured. *Granite Constr. v. Bituminous Ins. Co.*, 832 S.W.2d 427 (Tex.App.—Amarillo 1992, no writ) (policy covering additional insured for "liability arising out of work performed ... by or on behalf of the named insured" does not cover claim against additional insured where named insured has no liability). Because this is a diversity action, Texas law is binding on this Court. *Erie Ry. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Therefore, if the state court claims involve direct negligence on the part of Process Piping, Plaintiff is obligated to defend those claims on behalf of the additional insureds.

The Court is of the opinion that the state court claims do not involve direct negligence on the part of Process Piping. Process Piping is not named as a defendant in the state court actions. Further, there is no allegation that the employees' injuries were caused by the negligence of Process Piping. Instead, the state court plaintiffs seek recovery from Austin Commercial and American on the basis of those defendants' own negligence. Therefore, the face of the state court petitions do not reveal any direct negligence by Process Piping.

■ However, Defendants argue that the state court pleadings indirectly allege a causal link between the work activity of Process Piping and the claims in those courts because the pleadings allege contributory negligence on the part of the injured employees. Defendants claim that the allegation of contributory negligence creates a causal link between the work activity of Process Piping and the claims in question that gives rise to Plaintiff's duty to defend the additional insureds.

The Court is of the opinion that an allegation of contributory negligence on the part of

---

1. One of the employees, Charles Scantlin, was actually employed by the Todd–Ford Company, which had subcontracted with Process Piping to perform part of the work at the American Air-

lines site. However, for the purposes of this order, it is sufficient to consider Scantlin a Process Piping employee.

the injured employees does not imply direct negligence on the part of Process Piping. Therefore, the Court concludes that the state court claims do not involve any direct negligence on the part of Process Piping. Accordingly, the policy does not provide coverage for Austin Commercial and American against those claims, nor does it impose upon Plaintiff a duty to defend against those claims.

It is therefore **ORDERED** that the Motion for Summary Judgment, filed April 18, 1994, is **granted.**