**Rhonda DAVIS et al., Appellants,**

v.

**CITY OF ROBINSON, Appellee.**

No. 03–95–00701–CV.

Court of Appeals of Texas, at Austin.

April 3, 1996.

Rehearing Overruled May 8, 1996.

---

**850**

Thomas J. Blankenship, Waco, for appellants.

Ben Taylor, Fulbright & Jaworski L.L.P., Dallas, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

PER CURIAM.

At issue in this cause is the trial court's determination by summary judgment that certain public financing measures taken by the City of Robinson are valid and enforceable.[1] By one point of error, fifty-seven in-dividuals (the "intervenors") contend that, as a matter of law, these public financing measures are invalid and unenforceable because the city did not obtain the procedurally required number of votes to pass the ordinances related to the public financing measures at issue. By cross-point, the city contends that the trial court abused its discretion by not awarding it attorney fees of $32,000. We will affirm the trial court's judgment.

## BACKGROUND

At a city council meeting on September 6, 1994, the mayor and the five elected aldermen discussed and voted on two ordinances related to the public financing measures at issue. Regarding the ordinances related to both measures, three aldermen voted "For" the financing measures, two aldermen and the mayor abstained, and the ordinances passed. In October 1994, the city filed a petition asking the trial court to declare valid the public financing measures as well as all of the city's actions regarding the two ordinances related to the public financing measures. See Tex.Rev.Civ.Stat.Ann. art. 717m–1 (West Supp.1996) (statutory provision for declaratory judgment proceeding that addresses validity of public agency securities). The intervenors responded and filed counterclaims against the city. See Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–.011 (West 1986 & Supp.1996). The intervenors asked the trial court to declare these public financing measures invalid, to enjoin the city from issuing the public financing measures, and to award them their attorney fees. The city answered the intervenors' counterclaims and sought recovery of its attorney fees incurred in defending against the intervenors' counterclaims. See Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (West 1986).

The city moved for a partial summary judgment, claiming that, as a matter of law,

1. The public financing measures at issue are certain Combination Tax and Revenue Certificates of Obligation, Series 1994, and certain Combination Tax and Revenue Refunding Bonds, Series 1994, that the city pursued to raise revenue for city waterworks.

the public financing measures at issue were valid and enforceable. In January 1995, the trial court granted the city's motion and declared the public financing measures valid and enforceable. In July 1995, the parties tried the remaining issues to the court. The parties stipulated that each had incurred $32,000 in attorney fees in preparing the cause. The trial court, while ruling in favor of the city on the substantive issues, ruled that the city was not entitled to recover its attorney fees incurred in defending against the intervenors' counterclaims from the intervenors. Both parties appeal.

## VALIDITY OF ORDINANCES

■ The intervenors appeal by a sole point of error, contending that, as a matter of law, the undisputed evidence shows conclusively that the city did not have the requisite number of votes to pass the ordinances related to the public financing measures, and thus, the associated public financing measures are invalid and unenforceable. The intervenors contend that, because the financing measures levied a tax, a two-thirds majority vote, four affirmative votes, of the city council was needed to pass the ordinances authorizing the public financing measures at issue.

The intervenors argue that the controlling statutory provision is repealed Texas Revised Civil Statute article 1033.[2] While the intervenors recognize that article 1033 was repealed in 1987, they contend that the Texas Tax Code section 302.101 implicitly contains a two-thirds vote requirement for the imposition of property taxes. Tax Code section 302.101 provides:

(a) The governing body of a municipality, other than a Type C general-law municipality having 200 or fewer inhabitants, may impose and collect *occupation taxes.*

(b) A license required by a Type A general-law municipality may not extend to more than one establishment or apply to

more than one occupation, business, or calling and may not be imposed except by a vote of two-thirds of the elected aldermen.

Tex.Tax Code Ann. § 302.101 (West 1992) (emphasis added). This provision, as well as repealed article 1033, apply specifically to occupation taxes. Since the public financing measures at issue are not occupation taxes, section 302.101 and repealed article 1033 are inapplicable to this cause.

The city is a Type–A General–Law municipality that is governed by the statutes located in Texas Local Government Code chapter 22. The city argues that because it has a municipal form of government and is governed by a city council consisting of five members and a mayor, in accordance with Texas Local Government Code section 22.031, the controlling statutory provision is Texas Local Government Code section 22.039 that provides:

A majority of the number of aldermen established by Section 22.031 for the municipality constitutes a quorum. However, at a called meeting or at a meeting to consider the imposition of taxes, two-thirds of the number of aldermen established by that section constitutes a quorum unless provided otherwise.

Tex.Local Gov't Code Ann. § 22.039 (West 1988). The city contends, correctly, that generally a public body quorum is a majority of the number of members fixed by statute. Tex.Gov't Code Ann. § 311.013(b) (West 1988). The city argues that when the council is meeting to consider the imposition of taxes, section 22.039 requires a quorum consisting of two-thirds of the number of aldermen established by section 22.031 rather than only a majority of the number of members set by statute. The city contends that, consequently, pursuant to section 22.039, to enact a law or ordinance regarding a levy or imposition of a tax, a majority vote of a two-thirds quorum is required. We agree.

---

2. Article 1033 provided:
   The city council shall have power to provide by ordinance for the assessing and collecting of said taxes, and to determine when taxes shall be paid by corporations, and when by the individual corporators. No tax shall be levied

unless by consent of two-thirds of the aldermen elected.
Tex.Rev.Civ.Stat.Ann. art. 1033 (since repealed and codified at Tex.Tax Code Ann. § 302.101 (West 1992)).

Based on the facts in this cause, the number of aldermen required to be present at the September 6 meeting was four in order to meet the section 22.039 requirement of a two-thirds quorum. The summary judgment evidence reflects that the five aldermen and the mayor were present at the meeting. The city council, thus, had a proper two-thirds quorum for addressing the public financing measures. Under the form of government adopted by the city, the mayor presides at all city council meetings and votes on issues only in the event of a tie. Tex.Local Gov't Code Ann. § 22.037 (West 1988). Therefore, the three affirmative votes at the September 6 council meeting were sufficient to pass the ordinances addressing the two public financing measures at issue. We are unaware of a statutory provision, and none has been cited to us, that would in this instance have required a two-thirds majority *vote* by the aldermen at the September 6 meeting. We overrule the intervenors' point of error.

### ATTORNEY FEES

By a sole cross-point of error, the city contends that the trial court abused its discretion by failing to award it attorney fees in the stipulated sum of $32,000, that the city incurred in preparing its defense to the intervenors' counterclaims.

The allowance of attorney fees rests within the sound discretion of the trial court and will not be reversed without a showing of an abuse of that discretion. *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 881 (Tex.1990). Reversal for an abuse of discretion is justified only when the trial court's decision was arbitrary and unreasonable. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987).

The city initiated these proceedings seeking a declaratory judgment that the public financing measures it had approved in its city council meeting, as well as any actions the council had taken associated with the measures, were proper and enforceable. The city's burden to show the trial court that its actions regarding the public financing measures were valid on its own claims in its petition was essentially the same showing necessary to defend against the intervenors' counterclaims. We conclude that the trial court did not act arbitrarily and unreasonably by denying the city recovery of its attorney fees and ruling that the city and the intervenors must each bear the costs of their respective legal representations. We overrule the city's cross-point of error.

### MOTION FOR REHEARING

Finally, the city asks this Court to either deny the intervenors their right to file a motion for rehearing or shorten their time for filing, "in which case the intervenors need not file any motion for rehearing as a prerequisite to any review available in the Supreme Court of Texas." A motion for rehearing in the appellate court is a procedural jurisdictional prerequisite to filing an application for writ of error to the Supreme Court of Texas. *See* Tex.R.App.P. 131(e); *State v. Morales,* 869 S.W.2d 941, 942 n. 5 (Tex.1994); *Donwerth v. Preston II Chrysler–Dodge, Inc.,* 775 S.W.2d 634, 643 n. 6 (Tex.1989) (Ray, J. concurring). Whether the matter complained of to the supreme court originated in the trial court or the court of appeals, it must be assigned as error in a motion for rehearing in the court of appeals. Tex.R.App.P. 131(e). This Court will not deny the intervenors their right to file a motion for rehearing with this Court nor will we shorten the time specified by Texas Rule of Appellate Procedure 100 during which the intervenors may file a motion for rehearing.

### CONCLUSION

We affirm the trial-court judgment.