TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00671-CV







McCarthy Brothers Company and McCarthy Western Constructors, Inc., 

d/b/a/ and a/k/a McCarthy Corporation, McCarthy Construction, 

and McCarthy, Appellants


v.



Continental Lloyds Insurance Company; American Casualty Company 

of Reading, Pennsylvania; and Mike Wilson, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 98-02820, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING








 Appellants, McCarthy Brothers Company and McCarthy Western Constructors,
Inc., doing business as and also known as McCarthy Corporation, McCarthy Construction, and
McCarthy, (1) appeal the district court's grant of summary judgment in favor of appellees,
Continental Lloyds Insurance Company ("CLIC"), American Casualty Company of Reading,
Pennsylvania ("ACC"), and Mike Wilson. (2) McCarthy complains on appeal that the district court
erred in ruling that McCarthy was not insured under commercial general liability policies issued
by the insurance companies to subcontractors working for McCarthy even though these policies
named McCarthy, the general contractor, as an additional insured. McCarthy further claims that
the district court erred by failing to award McCarthy attorney's fees. We will reverse the district
court's judgment insofar as it relates to coverage and render judgment in favor of McCarthy. We
will affirm the judgment in all other respects.


FACTUAL AND PROCEDURAL BACKGROUND

 McCarthy, a general contractor, hired Crouch/Fisk Electric Company and Crouch
Electric Company (3) to provide electrical services for a Motorola construction project McCarthy
was managing. Crouch/Fisk and Crouch Electric purchased separate commercial general liability
insurance policies for this project (the "policies") from CLIC and ACC respectively. McCarthy
was added to both policies by endorsement as an additional insured ("additional-insured
endorsements"). (4) 

 During construction, Mike Wilson, an electrical foreman for Crouch, was injured
when he slipped and fell at the construction site. Wilson sued McCarthy for negligence arising
out of its duty of care owed to him as a business invitee (the "Wilson suit"). Wilson alleged that
the electricians on the construction site were required to traverse a fifty-five to sixty foot incline
to retrieve electrical equipment "necessary for their work" and that at the time of the accident,
he was descending the incline and "fell on the muddy, slippery surface." Wilson asserted that this
incline was unreasonably dangerous and that McCarthy knew or should have known of its
condition because Wilson, as well as supervisors from Crouch, had requested that McCarthy place
stairs in that area. 

 Pursuant to the additional-insured endorsements, McCarthy demanded a defense
by the insurance companies in the Wilson suit. The insurance companies, asserting that these
provisions did not cover the liability arising out of the Wilson suit, denied McCarthy's request. 
McCarthy then brought this suit in district court seeking a declaratory judgment that the insurance
companies had a duty to defend it in the Wilson suit and for attorney's fees, damages, and court
costs. The insurance companies counterclaimed for declaratory relief that McCarthy is not an
insured covered by the policies and for attorney's fees and court costs. 

 Both parties moved for summary judgment (5) on the ground that Wilson's pleadings,
read in the light of the additional-insured endorsements, determined as a matter of law whether
the insurance companies had a duty to defend McCarthy pursuant to the policies. The insurance
companies assert that McCarthy is not covered under the endorsements because the allegations in
the Wilson suit allege negligence only on the part of McCarthy and not on the part of Crouch, and
thus the liability in this case did not arise out of Crouch's work for McCarthy. McCarthy, on the
other hand, urges that it is covered by the policies. McCarthy reasons that because Wilson's
injuries were sustained while working on the Motorola construction site for Crouch, which was
performing work on behalf of McCarthy, the underlying liability arose from work or operations
of Crouch by or for McCarthy. The district court rendered a final summary judgment, granting
the insurance companies' motion and denying McCarthy's. (6) McCarthy appeals the district-court
judgment.


DISCUSSION The resolution of the summary-judgment motions rests on the proper interpretation
of the additional-insured endorsements, a question of law. See Admiral Ins. Co. v. Trident NGL,
Inc., 988 S.W.2d 451, 453 (Tex. App.--Houston [1st Dist.] 1999, pet. filed) (citing Coker v.
Coker, 650 S.W.2d 391, 393-94 (Tex. 1983)) (construction of insurance policy and limiting
language in endorsement are questions of law for court). We review the district court's decision
de novo, taking into account the summary-judgment evidence presented by both sides, to
determine the questions presented and render judgment such as the district court should have
rendered. See Grocers Supply Co. v. Sharp, 978 S.W.2d 638, 642 (Tex. App.--Austin 1998, pet.
denied) (citing Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994)) (courts review
summary judgment de novo where propriety of summary judgment is question of law);
Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997) (citing Jones v. Strauss, 745
S.W.2d 898, 900 (Tex. 1988)) (setting forth standard of review when trial court grants one motion
for summary judgment and denies opposing motion). 

 To determine an insurer's duty to defend, Texas courts follow the "eight corners"
rule. See National Union Fire Ins. Co. v. Merchants Fast Motor Lines, 939 S.W.2d 139, 141
(Tex. 1997); Texas Property & Cas. Ins. Guar. Ass'n v. Southwest Aggregates, Inc., 982 S.W.2d
600, 604 (Tex. App.--Austin 1998, no pet.) (citing American Alliance Ins. Co. v. Frito-Lay, Inc.,
788 S.W.2d 152, 153-54 (Tex. App.--Dallas 1990, writ dism'd)). Pursuant to the rule, we
consider only the allegations in the underlying complaint and the terms of the insurance policy to
determine whether a duty to defend exists. See Merchants Fast Motor Lines, 939 S.W.2d at 141;
Southwest Aggregates, 982 S.W.2d at 604. "The duty to defend is not affected by the facts of the
case ascertained before, during, or after the suit." Cullen v. Commonwealth Lloyd's Ins. Co., 852
S.W.2d 252, 255 (Tex. App.--Dallas 1993, writ denied). Nor do we consider the reliability of the
allegations in the underlying pleading. See id. We instead give the allegations in the petition a
liberal interpretation, resolving any doubt in favor of the insured. See Texas Med. Liab. Trust
v. Zurich, 945 S.W.2d 839, 842 (Tex. App.--Austin 1997, writ denied) (citing Merchants Fast
Motor Lines, 939 S.W.2d at 141). If the underlying petition does not allege facts within the scope
of coverage, the insurer has no duty to defend. See id. Therefore, to determine whether the
insurance companies have a duty to defend McCarthy, we consider only the allegations in
Wilson's petition and the additional-insured endorsements in the policies.

 Insurance policies are contracts, and their construction is governed by the same
rules of construction applicable to all contracts. See Balandran v. Safeco Ins. Co. of Am., 972
S.W.2d 738, 740-41 (Tex. 1998); National Union Fire Ins. Co. v. CBI Indus., 907 S.W.2d 517,
520 (Tex. 1995). In construing a written contract, the primary goal of the court "is to give effect
to the written expression of the parties' intent." Balandran, 972 S.W.2d at 741 (quoting State
Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 433 (Tex. 1995)); Forbau v. Aetna Life Ins. Co.,
876 S.W.2d 132, 133 (Tex. 1994) (emphasis added). The court should "ascertain the intent of
the parties as expressed in the instrument." National Union, 907 S.W.2d at 520 (citing Forbau,
876 S.W.2d at 133) (emphasis added). 

 A written contract that can be given a definite or certain legal meaning is not
ambiguous. See National Union, 907 S.W.2d at 520; Coker, 650 S.W.2d at 393. If a contract
is not ambiguous, the words used in the contract are to be given their ordinary meaning. See
Puckett v. U.S. Fire Ins. Co., 678 S.W.2d 936, 938 (Tex. 1984); see also Security Mut. Cas. Co.
v. Johnson, 584 S.W.2d 703, 704 (Tex. 1979) (terms of insurance contract given their "ordinary
and generally accepted meaning"). However, if "the language of a policy or contract is subject
to two or more reasonable interpretations, it is ambiguous," and the construction that would afford
coverage to the insured must be adopted. National Union, 907 S.W.2d at 520; see also
Balandran, 972 S.W.2d at 741.


Construction of the Additional-Insured Endorsements 

 The parties join issue over the meaning of the term "arising out of" as used in
defining McCarthy's coverage as an additional insured. In its first two issues, McCarthy contends
that the contract can be given a certain and definite meaning affording coverage, or at least is
ambiguous and should therefore be construed in its favor. We agree.

 The supreme court has recently given a broad construction to the phrase "arising
out of" in a case involving the construction of an automobile policy. See Mid-Century Ins. Co.
v. Lindsey, 997 S.W.2d 153, 156 (Tex. 1999). In Lindsey, while attempting to get into his
parents' truck through the sliding rear window, a boy accidently touched a loaded shotgun on a
gun rack mounted over the window and shot a man sitting in an adjacent parked car. See id. at
154. The relevant insurance policy provided coverage for injuries arising out of the use of a
motor vehicle. See id. at 155. The court held: "For liability to 'arise out of' the use of a motor
vehicle, a causal connection or relation must exist between the accident or injury and the use of
the motor vehicle." Id. at 156. While the direct cause of the injury stemmed from the boy's
conduct in touching the gun, the court concluded that the man's injury "arose out of" the use of
the truck because the injury-producing act and its purpose were an integral part of the use of the
vehicle. See id. at 158-59. The court noted that the vehicle must be more than the "locational
setting" for the injury. See id. at 156.

 The First Court of Appeals recently considered "arising out of" language in the
context of an additional-insured provision. See Admiral, 988 S.W.2d at 455. In Admiral, a
company hired to service an oil and gas facility named the facility's owner as an additional insured
for liability arising out of the service company's operations. See id. at 454. While one of the
service company's employees was unloading tools, a compressor on the property exploded. The
employee, injured as a result of the explosion, sued the facility's owner, and the owner sought a
declaration that he was covered as an additional insured under the policy. See id. The court of
appeals followed what it considered the majority view from federal courts construing similar
endorsements:


[F]or liability to 'arise out of operations' of a named insured it is not necessary for
the named insured's acts to have 'caused' the accident; rather it is sufficient that
the named insured's employee was injured while present at the scene in connection
with performing the named insured's business, even if the cause of the injury was
the negligence of the additional insured.



Id. at 454.


 This construction is in harmony with interpretations given to "arising out of" by 
courts in various jurisdictions. See, e.g., Merchants Ins. Co. v. United States Fidelity & Guar.
Co., 143 F.3d 5, 9 (1st Cir. 1998). (7) Merchants involved a fact situation comparable to the current
case. In Merchants, a subcontractor's employee was injured as a result of the actions of an
employee of the general contractor. See id. at 7. The insurer argued that "arising out of" imports
proximate cause; therefore, the subcontractor's work was not the proximate cause of the injury
and no coverage existed for the general as an additional insured. See id. at 9. The court
disagreed, stating that "arising out of" is broader than the concept of proximate causation in tort
law and denotes a nexus between proximate and actual causation. See id. The Merchants court
noted that two companies did not merely happen to be working in the same area where the
subcontractor's employee was injured by the general contractor's actions; rather the injury was
a consequence of the work that the subcontractor was performing. See id. at 9-10. (8)

 Wilson alleges in the underlying suit that he was working on the premises of
Motorola for Crouch as an electrical foreman. To retrieve "tools and supplies necessary for their
work," the electricians on the site had to traverse an incline of approximately fifty-five to sixty
feet. As he was walking down this incline to go to the equipment trailer, Wilson "fell on the
muddy, slippery surface." These allegations show that walking down the incline to get tools to
perform its job was an integral part of Crouch's work for McCarthy. Thus, the accident occurred
while Wilson was on the construction site for the purpose of carrying out Crouch's contract with
McCarthy. There was more than a mere locational relationship between the injury and Wilson's
presence on the site. Wilson's injury occurred while he was carrying out a necessary part of his
job for Crouch. Therefore, there is a causal connection between Wilson's injury and Crouch's
performance of its work for McCarthy and the liability "arose out of" Crouch's work for
McCarthy.

 The insurance companies offer a competing interpretation for the phrase "arising
out of" that they claim is equally reasonable and thus creates an ambiguity. Their interpretation
would limit the interpretation of "arising out of" to mean coming directly from; i.e., for liability
to arise out of Crouch's work for McCarthy, the liability must stem directly from Crouch's
negligence and cannot extend to negligence caused solely by McCarthy. Post-Lindsey, however,
such a restrictive interpretation no longer appears reasonable in Texas and cannot be used to create
ambiguity. (9) However, were we to consider the phrase "arising out of" ambiguous, we would
apply the familiar rules that construe the policy against the insurer and reach the same result.

 Accordingly, we reverse the district court's judgment and render judgment that
McCarthy was covered by the additional-insured endorsements provided in the policies and was
entitled to a defense under the policies.

Attorney's Fees 

 McCarthy asserts in its final issue that the district court abused his discretion by
denying its request for attorney's fees. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West
1997) (trial court may award "necessary attorney's fees as are equitable and just"). "A prevailing
party in a declaratory judgment action is not entitled to attorney's fees simply as a matter of law;
entitlement depends upon what is equitable and just and the trial judge's power is in that respect
discretionary." Unified Loans, Inc. v. Pettijohn, 955 S.W.2d 649, 654 (Tex. App.--Austin 1997,
no pet.) (citing Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990)). We will not reverse a
trial court's decision regarding whether to award attorney's fees without a showing of an abuse
of that discretion. See Davis v. City of Robinson, 919 S.W.2d 849, 852 (Tex. App.--Austin 1996,
writ denied) (citing Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 881 (Tex. 1990)). 
"Reversal for an abuse of discretion is justified only when the trial court's decision was arbitrary
and unreasonable." Id. (citing Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987)).

 McCarthy initiated these proceedings seeking a declaration that the insurance
companies were obligated to provide it a defense in the Wilson suit. The insurance companies
responded and sought a declaration that they were not so obliged. Both parties sought attorney's
fees. Although the district court ruled in favor of the insurance companies, he specifically denied
them attorney's fees. The district court's judgment states "that the parties shall each bear their
own attorney['s] fees." The record does not reflect the reason for the district court's ruling. The
district court may have felt that both McCarthy and the insurance companies had legitimate rights
to pursue and both should thus bear their own attorney's fees. We conclude that the district court
did not act arbitrarily and unreasonably in ruling that each party should be responsible for its own
attorney's fees.

 We therefore overrule McCarthy's third issue.


CONCLUSION


 We hold that McCarthy is covered by the additional-insured endorsements in the
policies issued by the insurance companies and is entitled to a defense from them in Wilson's suit
against McCarthy. We therefore reverse the district-court judgment in part and render judgment
that McCarthy is covered under the policies in this case. In all other respects, we affirm the
judgment of the district court.



 


 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed in Part; Reversed and Rendered in Part

Filed: November 18, 1999

Publish
1. McCarthy Brothers Company and McCarthy Western Constructors, Inc. are affiliated
corporations; we will use their own designation, "McCarthy," when we refer jointly to both
entities.
2. For convenience, we will refer to CLIC and ACC collectively as the "insurance
companies." 
3. We will refer to the subcontractors collectively as "Crouch."
4. The CLIC additional-insured endorsement states: "WHO IS AN INSURED . . . the person
or organization shown in the Schedule [McCarthy], but only with respect to liability arising out
of "your work" [Crouch's] for that insured [McCarthy] by or for you [Crouch]." (Emphasis
added.)

 The ACC endorsement provides in pertinent part: "The insurance provided to the
additional insured is limited as follows: 1. That person or organization [McCarthy] is only an
additional insured with respect to liability arising out of: . . . b. 'Your work' for that additional
insured [McCarthy] by or for you [Crouch]." (Emphasis added.)
5. McCarthy moved for partial summary judgment.
6. The court also denied the relief sought by McCarthy, ordered McCarthy to reimburse the
appellee's taxable court costs, and ordered all parties to bear their own attorney's fees.
7. See also McIntosh v. Scottsdale Ins. Co., 992 F.2d 251, 255 (10th Cir. 1993) ("arising out
of" clearly relates to causation but its terms are broad and vague; it "imparts a more liberal
concept than proximate cause"); BASF Wyandotte Corp. v. Transportation Ins. Co., 523 F. Supp.
515, 517 (D.C. Mich. 1981) ("arising out of" does not mean proximate cause in strict legal
sense); Farmers Ins. Co. v. Till, 825 P.2d 954, 955 (Ariz. App. 1992) ("arising out of" imports
concept of causation or causal link, but causal connection does not equate to proximate cause);
State Farm Mut. Auto Ins. Co. v. LaSage, 559 S.W.2d 702, 703 (Ark. 1978) ("arising out of"
cannot be construed to mean proximately caused by); Kabanak Diversified Invs., Inc. v. Credit
Gen. Ins. Co., 553 N.W.2d 65, 72 (Minn. App. 1996) ("arising out of" requires only causal
connection not proximate cause).
8. For examples of other cases finding coverage for the additional insured's own negligence,
see Saavedra v. Murphy Oil U.S.A., Inc., 930 F.2d 1104, 1110 (5th Cir. 1991) (additional insured
"with respect to operations performed by or for the named insured" covered because claim
directly related to named insured's work); Philadelphia Elec. Co. v. Nationwide Mut. Ins. Co.,
721 F.Supp. 740, 742 (E.D. Pa. 1989) (clause adding additional insureds "for any work
performed by the [named insured] on their behalf" covered additional insureds for their own
negligence related to the work of the named insured); Casualty Ins. Co. v. Northbrook Property
& Cas. Ins. Co., 501 N.E.2d 812, 815 (Ill. App. Ct. 1986) (phrase "arising out of operations
performed for the additional insured by the name insured" covered the additional insured for its
own negligence). 
9. In Granite Construction Co. v. Bituminous Insurance Co., 832 S.W.2d 427, 430 (Tex.
App.--Amarillo 1992, no writ) the court interpreted a similar policy as unambiguously excluding
coverage for the additional insured's own negligence. In Granite, Granite Construction contracted
with the Brown Company to haul asphalt from its construction site. See id. at 428. One of
Brown's employees was injured while Granite employees were loading Brown's truck. See id. 
In upholding the summary judgment that Bituminous, Brown's insurer, had no duty to defend
Granite as an additional insured, the court of appeals looked outside the "eight corners" of the
policy and pleadings. It reviewed a contract that defined the scope of Granite's operations,
concluded that loading was solely Granite's responsibility, then concluded there was no duty to
defend. See id. at 429-30. We decline to follow a duty-to-defend analysis that violates the "eight
corners" rule. Further, Granite was decided before Lindsey's analysis of the meaning of "arising
out of."



SPAN>

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed in Part; Reversed and Rendered in Part

Filed: November 18, 1999

Publish
1. McCarthy Brothers Company and McCarthy Western Constructors, Inc. are affiliated
corporations; we will use their own designation, "McCarthy," when we refer jointly to both
entities.
2. For convenience, we will refer to CLIC and ACC collectively as the "insurance
companies." 
3. We will refer to the subcontractors collectively as "Crouch."
4. The CLIC additional-insured endorsement states: "WHO IS AN INSURED . . . the person
or organization shown in the Schedule [McCarthy], but only with respect to liability arising out
of "your work" [Crouch's] for that insured [McCarthy] by or for you [Crouch]." (Emphasis
added.)

 The ACC endorsement provides in pertinent part: "The insurance provided to the
additional insured is limited as follows: 1. That person or organization [McCarthy] is only an
additional insured with respect to liability arising out of: . . . b. 'Your work' for that additional
insured [McCarthy] by or for you [Crouch]." (Emphasis added.)
5. McCarthy moved for partial summary judgment.
6. The court also denied the relief sought by McCarthy,