**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-20014
Summary Calendar

EVEREST NATIONAL INSURANCE COMPANY,

Plaintiff-Counter Defendant-Appellee,

VERSUS

LJM SERVICES INC; ET AL,

Defendants

LJM SERVICES INC

Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas, Houston
(H-99-CV-3602)

July 11, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

LJM Services, Inc. ("LJM"), appeals the grant of summary judgment in favor of Everest National Insurance Company ("Everest"). Everest had filed an action for declaratory judgment

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to determine its rights with respect to workers compensation insurance. The district court held, *inter alia*, that an agent who solicited business for Everest and wrote the policies through Everest's master general agent lacked the apparent authority to add LJM as an additional insured.

The grant of summary judgment is reviewed de novo, applying the same standard as the district court. Pratt v. City of Houston, Texas, 247 F.3d 601, 605-606 (5th Cir. 2001).

> Apparent authority in Texas is based on estoppel. It may arise either from a principal knowingly permitting an agent to hold herself out as having authority or by a principal's actions which lack such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority she purports to exercise . . . A prerequisite to a proper finding of apparent authority is evidence of conduct by the principal relied upon by the party asserting the estoppel defense which would lead a reasonably prudent person to believe an agent had authority to so act.

Baptist Memorial Hospital System v. Sampson, 969 S.W.2d 945, 949

(Tex. 1998) (quoting <u>Ames v. Great S. Bank</u>, 672 S.W.2d 447, 450 (Tex. 1984)). "It is also the rule that apparent authority is not available where the other contracting party has notice of the limitations of the agent's power." <u>G.D. Douglass v. Panama, Inc.</u>, 504 S.W.2d 776, 779 (Tex. 1974). Certificates issued by the agent specifically stated that they did not amend, extend or alter coverage and that they were for information only and not to confer any rights. <u>See</u> <u>also</u> <u>Granite Constr. Co. v. Bituminous Ins. Co.</u>, 832 S.W.2d 427, 429 (Tex.App.–Amarillo, 1992). LJM also had notice of the agent's limitations, <u>see</u> <u>Douglass</u>, 504 S.W.2d at 779. Accordingly, we affirm.

AFFIRMED.